IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-134-FL

| | |
|---|---|
| DAMON STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-16 & 20). Plaintiff has responded to Defendant's motion (DE-22), and the time for filing any further responses or replies has expired. Therefore, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), they have been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-16) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-20) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for disability insurance benefits on August 8, 2008 alleging disability beginning April 10, 2008. (Tr. 23). His claim was denied initially and upon reconsideration. *Id*. A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated May 26, 2010. *Id*. at 23-33. The Social Security

Administration's Office of Disability Adjudication and Review ("Appeals Council") denied Plaintiff's request for review on March 22, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1. Plaintiff filed the instant action on May 21, 2012. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

2

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

The ALJ followed the sequential evaluation in this case. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 10, 2008. *Id*. at 25. At step two, the ALJ found that Plaintiff had the following severe impairments: 1) degenerative joint disease of the left knee; 2) non-insulin dependent diabetes mellitus; and 3) hypertension. *Id*. However, the ALJ determined that Plaintiff did not have an impairment that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id*. at 28. Next, the ALJ determined that Plaintiff had the residual functional capacity to perform a limited range of light work. *Id*. at 29. Specifically, the ALJ found that Plaintiff had:

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours each in an 8-hour work day. However, the claimant should have the option to sit and stand at will; the claimant is limited to only

3

> occasional use of foot controls for the left lower extremity and should only occasionally climb, balance, kneel, crouch, and crawl. Additionally, the claimant should avoid all workplace hazards.
>
> *Id.*

The then ALJ found that Plaintiff was unable to perform his past relevant work. *Id*. at 31. However, based on the testimony of a vocational expert, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id*. at 32-33. Accordingly, the ALJ determined that Plaintiff had not been under a disability from April 10, 2008 through May 26, 2010. *Id*. at 33.

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, Worden v. Astrue, 2012 WL 2920289. Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence, which shall now be summarized.

On several occasions it was noted that Plaintiff's diabetes was controlled, or that he was "doing very well" with regard to his diabetes. *Id*. at 341, 355, 360, 469, 478, 483. Likewise, it was often observed that Plaintiff's depression was improving or that his depression was responding well to medication. *Id*. at 342, 344, 355, 433, 474, 483. During a number of examinations, Plaintiff denied any seizures. *Id*. at 351, 356, 360, 480, 484, 486.

On June 16, 2008, Plaintiff was described as having "normal activity and energy level." *Id*. at 360. Plaintiff was "sleep[ing] well" and "coping well." *Id.*

During a November 5, 2008 examination, Plaintiff's "depression [was] better." *Id*. at 342. His glucose control had improved and was "now closer to target." *Id*. at 344. Plaintiff was

4

instructed to take less insulin, rather than eat more food, "when he [was] going outside to work in the yard." *Id*.

Dr. Dale Caughey, Jr. examined Plaintiff on March 19, 2009. *Id*. at 417-419. During this examination, Plaintiff had full muscle strength in his upper and lower extremities, and also had full grip strength. *Id*. at 423. It was noted that Plaintiff could squat and rise. *Id*. at 418. Plaintiff could also "heel and toe and . . . tandem walk." *Id*. at 418. X-rays of Plaintiff's spine demonstrated "good maintenance of the intervertebral bodies." *Id*. In addition, an x-ray of Plaintiff's left knee revealed mild to moderate osteoarthritis. *Id*.

Plaintiff's RFC was assessed by Dr. Frank Virgili on March 27, 2009. *Id*. at 425-432. It was determined that Plaintiff could: 1) occasionally lift and/or carry 50 pounds; 2) frequently lift and/or carry 25 pounds; and 3) sit, stand and/or walk (with normal breaks) about six hours in an eight hour day. *Id*. at 426. Dr. Virgili assessed Plaintiff with several postural limitations, and also noted that Plaintiff should avoid hazards such as machinery or heights. *Id*. at 427, 429. Dr. Elizabeth Hoyt made similar findings on January 5, 2010. *Id*. at 495-502.

On April 17, 2009, Plaintiff was examined by Dr. Anthony Carraway. *Id*. at 433-437. Plaintiff stated during this examination that his depression was "better than it was." *Id*. at 433. He also indicated that he occasionally did yard work, although this tired him out quickly. *Id*. at 434. His GAF was assessed as 68, and the impairments caused by his depression were described as "minimal" or "mild". *Id*. at 436.

Dr. Nancy Herrera opined on May 8, 2009 that Plaintiff's symptoms did not precisely satisfy the diagnostic criteria of any listed impairment. *Id*. at 439-448. The functional limitations caused by Plaintiff's mental impairments were deemed mild. *Id*. at 449. These findings were reiterated by Dr. Steve Salmony on January 6, 2010. *Id*. at 503-516.

5

Plaintiff underwent a sleep study and April 1, 2010, which indicated that Plaintiff had "good sleep efficiency." *Id.* at 541. A EMG monitor "revealed no definite abnormalities from the legs." *Id.*

Plaintiff contends that the ALJ incorrectly weighed the evidence, and that the ALJ's determinations were not supported by substantial evidence. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, his claims are without merit. As noted above, each of the ALJ's findings were supported by substantial evidence. Nonetheless, the undersigned shall now address Plaintiff's remaining assignments of error in turn.

**The additional evidence submitted by Plaintiff is not material**

Plaintiff argues that he has submitted new and material evidence which warrants remand. (DE-17, pg. 13-16). To merit remand, this evidence must meet the requirements of sentence six of 42 U.S.C. § 405(g) ("sentence six"). Sentence six permits remand "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). There are accordingly three distinct requirements under sentence six. *See,* Nuckles v. Astrue, 2009 WL 3208685, at *4 (E.D.N.C. Oct. 5 2009). First, the evidence must be new. Evidence is deemed new if it is not duplicative or cumulative of evidence already in the record. Wilkins v. Sec'y, Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Second, the evidence must be material. Evidence is material if there is a reasonable possibility that it would have changed the outcome. *See*, Wilkins, 953 F.2d at 96. Third, there must be good cause for failing to submit the evidence earlier. The

burden of showing that the good-cause and other requirements of sentence six are met rests with Plaintiff. *See*, Fagg v. Chater, 1997 WL 39146, at *2 (4th Cir. 1997).

Plaintiff refers specifically to the June 30, 2009 treatment notes of Dr. Scott Hannum. (Tr. 542-546). These notes precede the ALJ's decision, and were specifically considered by the Appeals Council. *Id*. at 4. Thus, it is unclear whether Plaintiff has met his burden to establish that this evidence is new and that there was good cause for failing to submit the evidence earlier. Regardless, the undersigned will assume *arguendo* that Plaintiff met these requirements.

Remand is still not merited because this evidence is not material. Dr. Hannum stated that Plaintiff had a "significant bowing deformity of the [left leg]." *Id*. at 542. However, he also noted that Plaintiff had this condition well before his alleged disability onset date. *Id*. While Dr. Hannum notes that Plaintiff has "problems sitting, standing, walking and bending", no specific functional limitations are observed. *Id*. He also notes that Plaintiff "is an otherwise active guy . . ." *Id*. Upon examination, Plaintiff did not demonstrate any pain with rotation, had full motion of the hips, and had good hip and abductor strength. *Id*. at 543. Ultimately, Dr. Hannum recommended that Plaintiff undergo a re-alignment osteotomy. *Id*. at 544.

Even considering Dr. Hannum's treatment notes, the ALJ's decision is supported by substantial evidence. Dr. Hannum describes no specific functional limitations, and indeed describes Plaintiff as "active." To the extent this condition does impair Plaintiff, the ALJ accounted for those limitations in his RFC determination. The ALJ's RFC determination is based on the entire medical record and supported by substantial evidence. Because the submitted evidence is not material, this assignment of error is without merit.

**The ALJ was not required to specifically discuss the lay testimony of Bernette Stanley**

During the hearing in this matter, Plaintiff testified that he had "constant pain" in his

neck, lower back, left hip, left leg and feet. (Tr. 43).  Because of this pain, Plaintiff alleged that he had difficulty bathing and dressing himself.  *Id*.  Plaintiff also indicated that this pain made it difficult for him to drive.  *Id*.  According to Plaintiff, he had difficulty sitting for extended periods of time and picking up light objects.  *Id*. at 44.  In addition, Plaintiff stated that he had difficulty exercising and completing household chores.  *Id*. at 45.  He also alleged that he was "constantly tired" because of his medications.  *Id*. at 43.  Likewise, he stated that the resultant fatigue made it difficult for him to stay awake and concentrate.  *Id*.  Plaintiff noted that his diabetes was uncontrolled by medication and caused numbness in his feet and fingers.  *Id*. at 44, 49.  He also testified to memory loss, asserting that he had "forgotten how to drive" on occasion. *Id*. at 44.  Furthermore, Plaintiff stated that he frequently experienced "seizures" when he is sleeping.  *Id*. at 46-47.  He noted that these seizures caused him to sleep poorly.  *Id*. at 53-54. Finally, Plaintiff indicated that he experienced crying spells and often did not "feel like going out [or] being around other people."  *Id*. at 50-51.

The ALJ determined that Plaintiff's allegations were not fully credible.  *Id*. at 30. "Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler,  739 F.2d 987, 989 (4th Cir. 1984).  Moreover, the ALJ applied the proper standards in assessing Plaintiff's credibility.  *See*, 20 C.F.R. § 404.1529; Craig , 76 F.3d at 593-596.  The ALJ's findings of fact demonstrate that the ALJ gave proper weight to all of Plaintiff's limitations and impairments in assessing Plaintiff's credibility.  Likewise, the ALJ's findings were supported by substantial evidence which has already been summarized.

Plaintiff's wife, Bernette Stanley, also submitted a statement.  *Id*. at 222-223.  She stated that Plaintiff was in a "great deal of pain in his left leg and into his hip and low back."  *Id*. at 222.

In addition, she noted that Plaintiff had difficulty completing household chores. *Id*. Mrs. Stanley indicated that "[i]t is obvious to me that [Plaintiff] is very depressed", and that Plaintiff had "lost all interest in . . . things he used to be interested in." *Id*. She stated that Plaintiff experienced seizures at night and had difficulty sleeping. *Id*. Finally, Mrs. Stanley noted that Plaintiff lacked energy and had a poor memory. *Id*. at 22-23.

The ALJ did not specifically discuss Mrs. Stanley's statement in his decision. Plaintiff argues that this failure requires remand. (DE-17, pg. 18-19). Generally, the ALJ must consider the relevant medical evidence and other evidence of the claimant's condition in the record, including testimony from the claimant and family members." Morgan v. Barnhart, 142 F. App'x. 716, 720 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1529(c)(3)). However, an ALJ is not required to discuss lay witness testimony when it "does little more than corroborate a plaintiff's own testimony." Grubby v. Astrue, 2010 WL 5553677, * 7 (November 18, 2010 W.D.N.C.)(quotation omitted), *Report and Recommendation Adopted by* Grubby v. Astrue, 2011 WL 52865 (January 7, 2011). *See also*, Lee v. Astrue, 2011 WL 7561514, * 13 (December 21, 2011 D.S.C.)("Because the ALJ properly considered Plaintiff's credibility . . . Plaintiff has not shown harm from the ALJ's failure to make a specific finding regarding the credibility of . . . lay witness testimony . . . [the ALJ] was not required to provide detailed discussion of every point."), *Report and Recommendation Adopted by* Lee v. Astrue, 2012 WL 931974 (March 16, 2012). The ALJ appropriately assessed Plaintiff's credibility, and Mrs. Stanley's statement merely reiterates Plaintiff's testimony. Therefore, the ALJ was not required to specifically analyze Mrs. Stanley's statement, and this assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-16) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-20) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, April 05, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE