IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:12-CV-134-FL

| | |
|---|---|
| DAMON STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 16, 20).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb, issued memorandum and recommendation ("M&R") wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed (DE 23). Plaintiff timely filed objections to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") on August 8, 2008, alleging disability beginning April 10, 2008. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision issued May 26, 2010. On March 22, 2012, the Appeals Council denied plaintiff's request for review, rendering the ALJ's determination defendant's final decision. Plaintiff filed complaint in this court on May 21, 2012, for review of the final administrative decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005);

2

Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative joint disease of the left knee, non-insulin dependent diabetes mellitus, and hypertension. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with some physical limitations. The ALJ then determined that plaintiff did not have the RFC to perform under the requirements of his past relevant work. However, at step five, the ALJ determined that plaintiff is capable of adjusting to the demands of other employment opportunities existing in significant numbers in the

national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B. Analysis

Plaintiff objects to the following determinations by the magistrate judge: (1) the finding that Dr. Hannum's June 2009 treatment note was not new and material evidence that merits a remand for proper consideration; (2) the finding that the ALJ's evaluation of plaintiff's credibility was based on proper legal standards and supported by substantial evidence; (3) the finding that the ALJ's consideration of Ms. Stanley's third party statement was adequate under the law; (4) the finding that the ALJ's RFC determination was based upon applicable legal standards and supported by substantial evidence of the record; and (5) the finding that the hypothetical presented by the ALJ to the Vocational Expert ("VE") adequately reflected plaintiff's RFC.

As to plaintiff's first objection, plaintiff raised the same argument in his memorandum in support of motion for judgment on the pleadings, and the argument was fully addressed by M&R. As noted therein, to merit remand, evidence must be: (1) new; (2) material; and (3) presented with good cause shown for failure to incorporate such evidence into prior proceedings. M&R 6-7 (citing 42 U.S.C. § 405(g)). These requirements have not been met as to Dr. Hannum's treatment note. Specifically a showing of materiality has not been made, as acknowledged in M&R. Therefore, for the sound analysis articulated in the M&R, which the court adopts as its own, plaintiff's first objection is overruled.

Plaintiff's second and third objections are as to the amount of consideration and credibility the ALJ gave to statements of plaintiff and Ms. Stanley. Plaintiff's fourth objection is that the RFC finding was not proper because these opinions were not correctly considered. An individual's RFC is defined as that capacity which an individual possesses despite the limitations caused by his

4

physical or mental impairments. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC assessment is based on all relevant medical and other evidence in the record and can include a plaintiff's own description of his limitations arising from certain symptoms. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). When a plaintiff has a number of impairments, including some deemed not severe, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); see Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989).

Plaintiff essentially asks the court to re-weigh certain evidence in the record to come to a different conclusion than the ALJ. However, that is not the court's role. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) ("[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary") (citing Craig, 76 F.3d at 589). Instead, the court looks to see if the ALJ misapplied the law or used an incorrect legal standard and if the magistrate judge erred in his review of the ALJ. Plaintiff's objection reveals no such error on the part of the ALJ or with respect to the M&R, and the court's *de novo* review similarly reveals none. To the contrary, the ALJ engaged in a thoughtful consideration of the entire record and the magistrate judge's analysis was similarly thorough. Therefore, these objections are also overruled.

Plaintiff's fifth objection is to the hypothetical questions presented to the VE by the ALJ. An ALJ "need only pose those [hypothetical questions] that are based on substantial evidence and accurately reflect the plaintiff's limitations." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. 2000); see Mickles v. Shalala, 29 F.3d 918, 929 n.7 (4th Cir. Va. 1994) (Luttig, J. Concurring) ("[A]ll of the exertional and non-exertional limitations which the ALJ found to exist, were included in the hypothetical."). In this case, the ALJ posed hypothetical questions to the VE that tracked the ALJ's findings regarding plaintiff's limitations. Compare Tr. 61-63 (posing hypothetical questions),

5

<u>with</u> Tr. 32-33 (making an RFC determination). Accordingly, the ALJ properly included in his hypothetical questions those limitations which the ALJ found to exist. Therefore, plaintiff's objections are overruled.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full (DE 23), DENIES plaintiff's motion for judgment on the pleadings (DE 16), GRANTS defendant's motion for judgment on the pleadings (DE 20), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED this the 4th day of June, 2013.

LOUISE W. FLANAGAN
United States District Judge